and that brings us up to our third case set for argument which is Johnson versus United States case number 24-2779 for the appellant Charlie Johnson as trustee of the Charlie Johnson Revocable Livings Trust. I'm also here today with my co-counsel Mr. William Klain and Mr. Johnson and his wife have also joined us today as well in the court. This case involves the United States Forest Service partial denial of Mr. Johnson's Small Tract Act application that resulted in the reduction of his proposed track from 8 acres down to 0.59 acres and under the APA asking this court to review this decision and the decision of the lower court because of the fact that it excluded a majority of corrals involved in these improvements that were encroaching on Forest Service property. Most specifically, Mr. Johnson challenges the decision to do this reduction on the basis that these corrals were not considered to be encroachments on that they were not in fact trespassing on Forest Service property but were instead range improvements as well as challenging the Forest Service decision of their appraisal value of that parcel that they did give to Mr. Johnson of 0.59 acres that included a part of a house, a barn, additional sections of corrals as well as a well. Can I ask you just as I look at the district court order if I understand it correctly the district court said well there was no allegation of non-compliance with a mandatory provision and therefore there could not have been an APA violation is that accurate or excuse me no violation of the Small Tracts Act? That is what the court held below that is and said that we didn't raise any issues that showed that well and what I'm wondering is is that correct law because I don't understand and I think that's your argument is that the law is in the district court misstated the law it doesn't require a mandatory provision even discretionary provisions can still be violated under in the in the Small Tracts Act. Yes your honor so I think that there can be some discretion in the law and given to agencies on agency decision making but if you have specific factors and consideration that the Forest Service must look at or an agency any agency that they would have to comply and look at those factors before making a decision and it's those factors and statutes and regulations that can in fact be reviewable by the courts so whether they have a complete discretion and the end to decide whether to convey the land or exchange under the Small Tract Act they do have to follow the other requirements under the Small Tract Act and the implementing regulations. But the district court as I understand it never really went into whether they looked at all the factors because it just said out of the gate there's no mandatory provision therefore I'm not going to go further. I would agree with that I think they they may have briefly only mentioned the fact that they said well they did look at public interest factors and considered those but otherwise they didn't go in depth into any other of the arguments. And so just assuming we were to agree with you on that what would the proper outcome be would we just say listen this is a wrong statement of the law discretionary factors are enough should we then go in and do the discretionary factor analysis or should we remand that to the district court to do what it didn't do in the you could go either way on how you decide what you have the court do or whether you decide this case on your own only because of the fact that they did make some kind of fan finding that they did consider the public interest factors and considered other factors and noted parts of the record in which they talked about it for the 0.59 acre parcel but I think also what we've argued you know where there may be some potential that you'd have to be remanded back to the district court is a failure to look at the parcel in its entirety and consider all the public interest factors as well as the other don't we have to determine the validity of the district courts of the determination on the encroachment correct I mean is there enough in the record for us to do that I think there would be enough in the record I mean we have what was in the record in front of the forest service although potentially that I think maybe additional support would be nice to record but I know in terms of whether there's actually any of that type of information at the forest service level I'm as unclear I mean I think there's an issue with and speaking in terms of the rage improvements that were put in place in the 1950s there's nothing in the record showing that the forest service actually ever improved that construction and what we have seen and what we have in the record is the fact that these were put in place and put in place on private property they also were shown on the tax rolls for Gila County and the landowners pay taxes with on those in person at all in the record it's in the record through statements from Mr. Johnson let me ask you this the review provision says that the decision is discretionary and shall be made only if found to be in the public interest if it had only said discretionary this seems to be a very easy case because we review often for abuse of discretion the mere fact that it's discretionary doesn't mean it's insulated from review does the additional language saying and shall be made only if found to be in the public interest alter that analysis your honor I don't think it necessarily alters the analysis I know that was quoting from the regulations I believe but I also think under the small tract act there's other requirements that have to be discussed and that is the determining factor whether there's an actual encroachment which is an improvement claimed under color or claimed a title a color of title that has to be also discussed and analyzed prior to getting to that public interest determination and I think that's one in which the forest service kind of failed on its end on in regards to the portions of the corral that it determined to exclude and maybe we don't have to decide this now if we do remand a finding is whether or not it is in the public interest or not is that reviewed for abuse of discretion or is that reviewed under a different standard I believe that's also reviewed under the administrative procedure act for abuse of discretion um would be the same standard is it abuse of discretion or arbitrary or capricious review I I mean I'm I guess I'm getting confused now I I think I am too your honors I apologize if we remand I guess that's for the district judge to go ahead and then if we disagree we can disagree later yeah and I think what I'm also thinking of is arbitrary capricious as also as well looking at whether they considered all the reasonable factors and gave a rational explanation for their decision below in terms of the agency are there any cases I mean small tracks act I guess there's not a lot of cases that come up I mean we we struggled to kind of find some precedent here um maybe I'm asking the wrong party I suppose the forest service would know this better but do these cases come up a lot or or they do but they're normally just handled administratively and there's not a they don't end up in litigation right I would say a small track that cases probably don't come up as often we do have the luciano v united states that came up in the eastern district of california and that one specifically dealt with the issue of whether they could review this type of claim under the small tract act and ultimately that part of the decision didn't come to the ninth but the decision on the merits of the case went to the ninth so you have that decision I know the appellees also cite a decision from the district of alaska but it dealt with a small tract act a prior statute there's a different statute that was repealed by flipma of the federal land policy and management act so it wasn't considering the same statute nor the regulations associated with it and then the only other thing I could say kind of liken these issues to is the fact that courts have looked at maybe more often as land exchanges that occur under the federal land policy and management act so are there any analogies we can make to some of those other statutes as far as whether these are it's review it's judicially reviewable I think in some sense but I would have to um if I am recalling correctly in the correlation the U.S. Forest Service and others is that in flipma I think there's a particular provision that specifically says that land reviews and our land sales and exchanges are just land exchanges are reviewable under the are reviewable decisions of the agency so I think they have more specific language in that statute as opposed to what's written in the small tract act although I would still say they're have comparable because they consider some of the same types of things in terms of whether they're it was an appropriate to do the exchange within the public interests as well as kind of determining the approximate equal value when they're doing the exchange similar to the small tract act I guess let me ask you this how did the district court in your opinion get this wrong yeah I mean you're here on an appeal that's properly filed in a correct I I think um your honor it's a great question and what I think what was wrong in their decision is the fact that they really never even got to the merits of our discussion exactly because they felt that they didn't have the ability to review the issues that we brought forth but as we discussed earlier and as I discussed in our briefing I think that was an error and I think they did have the ability to review our arguments as well as the fact you know I think they brushed off the idea of whether this was an encroachment or not didn't matter it was in but that wasn't an incorrect holding it absolutely mattered because you have to be able to show that there was an encroachment in the first place to be even qualified for consideration or the small tract act so if you're being excluded out the outset no analysis is being done yeah so if we were to say you this should have been reviewable and we remand it I guess that doesn't necessarily mean you're going to win I mean you would have to go back to the district court and now the district court says okay it's reviewable and then we get into all these other questions which sort of they they seem a little thornier as we start talking about them which makes me think that if we were to go this route we would just remand I'm not sure we want to weigh in to them in the first instance you would like us to I assume but you'd rather win now than I mean obviously and I think my client would also like you to as well it's only been 20 years yeah I mean it's been an extremely long time on this case and specifically you know I think we would prefer you guys to be able to to decide and not have to remand back to the lower court but also understand well I think relevant to what we're talking about do we have any insight as to why the Forest Service changed its mind that is to say originally it was quite willing to sell the entire piece of property and then it changed its mind do we know why yes so the only reason the Forest Service changed its mind and had this decision was the fact that they said well the corrals are listed in a 2006 term grazing permit as a range improvement so they're an authorized range improvement in which title is in the United States and we cannot sell that to you sell the underlying land back to you argument is that the corral that the grazing permit identified is a different corral than you're trying to get that's correct I mean that's from our understanding and it's unclear from the record I think that's what's the problem is through the years the location on maps and everything else has been different sometimes further north sometimes actually on the private property to the south denoting corrals and so I think that's where the confusion comes and there's been nothing in the record or nothing that the services provided to show that they had ever at any point authorized this range improvement and your explanation is maybe going against what you want because as you explain this I'm thinking how are we in a position to decide that question I mean even you've just said it's unclear in the record like I think the district court would be in a better position to to look at that maybe maybe maybe there's not enough information well I think maybe I'd clarify when I mean it's unclear I think the position of the forest service is unclear in terms of how they can just point to a grazing permit map to claim that this somehow is no longer considered an encroachment or not an innocent trespass when they have nothing else to support their decision right but so what do you what do you do I mean even if we send this back to the district court the ultimate relief you can get I think is to send it back to the forest service to relook at it and you're still not guaranteed to get the result you want there I mean they may come up with a different rationale or they may come up with more evidence or whatever I'm just trying to I mean figure out how this games out and it's not clear correct and I would agree in terms of some uncertainty in terms of what would happen if it gets remanded or even if it gets remanded back to the agency they obviously would be able to look at the decision again and reevaluate our hope would be it wouldn't take them 14 years like it did in the past and that they could actually get us a result much sooner but I also would be the hope that they would come to a similar correct decision as they did with all the other improvements on the property and and I don't assume from as I sit here that the district judge necessarily is even if the district judge agrees with your basic position has to remand we'll see but I certainly don't want to foreclose the district court from making the decision and ending this long saga right if there's no questions at this time I would like to reserve the rest of my time for rebuttal actually just one more question and then I'll let you reserve you also challenge the Edwards appraisal I assume again hypothetically if we were to say this needs to the district court needs to take another look at this under that scenario we would not need to reach the Edwards appraisal because it might not be relevant right correct although it may still be relevant I guess we don't want and we're not asking the court to change the decision on the of that 0.59 acres the sale that occurred on those portions you know we don't want to get in a situation where that gets back and then they'd say we're not going to sell it to you we agree with that portion of it we are do dispute the appraisal but I do think there was enough in the record enough of the decision of the court below and deciding that they felt that the appraisal was not arbitrary and capricious and that it was supported although we would disagree in the sense the fact that whether they use the right type of land sale comparables or it looked at the highest and best use of this property well there weren't many land sales around to compare it to or no there was not and I'd have to agree with you on that point I think they could have maybe tried to find some other properties though in which it was just agricultural vacant land instead of properties located in subdivisions and the like because that's not what this property is this property is surrounded on the north by the forest service land and then to the south and surrounding Mr. Johnson's other land which is 21 acres it isn't Judge Nelson's question important because you know if we remand this you're going to be talking hopefully your clients will be talking about a much bigger tract and there's going to be a need for a new appraisal yes that's correct it could be done to separately from the track that was already conveyed and already sold to Mr. Johnson because that has already gone through and been done and all we challenge is the actual appraisal value given so the other track could be its own separate addition to what was already conveyed to Mr. Johnson so would it just include the corrals the remaining portion of the corrals do you want to reserve yes thank you thank you good morning your honors my name is Neil Singh I'm an assistant U.S. attorney from the U.S. Attorney's Office here in Phoenix and I represent the Forest Service the United States and all of the five federal defendants who have been named in this case and your honors I'm sure you'll have a lot of questions for me but I'd like to just get one introductory point out to you as we start which is that this is a private land transaction between two citizens and the United States is involved in this case because there was an accident that intruded on an accident in terms of the service in the United States have an interest in protecting their discretion to protect federal lands and that's what this case really is I don't know that any I mean I don't take issue with that characterization but you have an interest in that but what the district court did here and I'd be interested in your response to this because the district court said well this is just not reviewable at all that seems to be incorrect now that doesn't mean you ultimately lose at the end of the day but I wonder I mean don't we need to correct that and say no these are reviewable under the small tracts act I'd be interested in your response to yes your honor I would respectfully disagree that the district court I guess I would respectfully disagree with that characterization of what the district court was trying to do and I would agree that there's there is some back and when we're reading all of these all of the opinions that are at issue in this case the district court in my view as I read the opinion held that first of all it disagreed with the government in stating when the government argued that there is no discretion or there's no judicial review at all but the district court then went to look at Mr. Johnson's arguments and found that there are no arguments of specific violations of whatever obligations the government had and since there were no specific arguments of specific violations of any of the statutory clauses or of the regulations there's no there's no basis to conduct a judicial review on whether the government small tracts act had these 12 factors okay and national forest service evaluated this request for the conveyance or the correction of the deeds under those 12 factors and then came to the conclusion that they could only transfer 0.59 acres okay under under the discretion it was given and they're saying well they exercise the discretion improperly why is that wrong and why doesn't that give us jurisdiction doesn't that give the court's jurisdiction to review what your agency did well I think one difficult difficulty in this case that the district court had to grapple with is that there is no specific statutory violation that Mr. Johnson can point to the government committed the government has an obligation under the small tracts act and under its own regulations to look at all of the factors and there's no allegation that the government failed to look at those factors well we don't really know that's part of the problem because the district court said there's no mandatory provision so therefore I can't review it and that's where I keep getting hung up now it's not clear to me that there's not mandatory I mean it may well be that there are mandatory provisions in the small tracts act but at a minimum even if you consider them as discretionary you still would review it for arbitrary or capricious application by the agency your honor what one of the more interesting passages that I found in the case law that applies to this case is actually from this court's decision and there's everyone agrees that there's not a lot of case law here but there are actually two cases from this court 1969 and 1970 that I do think this court and this panel will have to well should reconcile if they are going to make a determination about sovereign immunity and the one that I'm thinking of right now is Mollahan versus Gray 413 F second 349 that's the 1969 case which it did not concern the small tracts act but it did concern the administrative procedure rejected in 1975 and Strickland v Morton what are your I'm sorry your honor that called into question by the court's decision in 1975 and Strickland versus Morton your honor I remember Strickland but I can't speak to whether it overturned the the passage that I that that I'm focusing on so uh granted I I don't remember uh the holding of Strickland and whether it applies but the the rule in Mollahan which has to be subject to Strickland as you point out was they the Ninth Circuit in that court looked at uh the question of mandatory versus permissive statutes and just because a statute does contain mandatory provisions does not mean that the government does not have discretion that the courts should stay away from that's that's the only purpose of my uh mentioning right but that doesn't even that doesn't control whether there's judicial review that I mean the district court thought I think incorrectly that because there wasn't I mean he might have been wrong on two points at least he was wrong on one he said if it's not mandatory if it's not mandatory I can't review it that seems wrong and then he said this is not mandatory that might also be wrong so I just don't know how we I mean I guess we could affirm it on alternate basis we could say okay we're going to review it we're going to look at the merits and we're going to find that this was not arbitrary and capricious but then we run into the I mean is would you advocate for us doing that do you think we have enough before us to to do that yes I would advocate for this panel to do that and I believe that the district court was also trying to do that the district court made a jurisdiction but it did turn to examine the record and see whether the government had acted arbitrarily and capriciously and again the record is empty of allegations that the government in some way ignored the factors that it needs to look at when making this determination this happens with enough frequency that we're quite familiar with this the government has several factor test it exercises discretion it discusses all of the factors but that doesn't mean that the government is right and should be affirmed I mean just because it ticks off the factors doesn't mean that they didn't abuse their discretion I agree with that your honor and if the if there's something in the record to show a clear error then yes the government is wrong if there's fundamental misunderstanding or misinterpretation one of the I think perhaps the only big fact question in this case that is really disputed is the ownership status of the corrals and the panel will find very little in the record to speak to that certainly to support but that that begs the question whether we should jump into it you're saying it sounds like both parties are asking us now to jump into it you both think that we're going to rule in your favor on the merits if we get there and I'm looking at this saying I'm not sure how to make heads or tails of this well don't you just go give him the corral let's be done well I'll go out there we'll look at the corral we'll turn it over we'll have a ceremony and you just do that well your honor the forest service wants I understand discretion to to do what it uh I guess what it is statutorily mandated to do with federal lands and that whether that is to allow and that's the the bottom line is you don't think you even have it you don't view yourself as even having the discretion to even if you wanted to to sell him the corrals is that your position that is correct because the corrals were they were never private property there's nothing in the record to suggest that they were private property this was all record to show there's nothing in the record to show that there was they were government property what we have candidly your honor what we have in the record are statements from both sides so we have a letter from mr johnson stating what his views are on the corrals and then we have an internal email from within the forest service that is in the record and we also have a letter from the forest service to mr johnson describing the status of the corrals as far as I know that's all there is in the record now I would still go back to point out that it is the forest service that has the expertise on determining what is the status and the ownership and the legal status of the corrals and the land well but the the allegation is you were looking at different corrals I mean I have no idea I don't know but that's the allegation and that suggests that you might not have gotten this right well there would have to be something I I guess my response to that point your honor would be that mr johnson still has an obligation to point to in the record what was gotten wrong and there has to be something wrong for there to be a showing that the government acted arbitrarily in this case or unfairly in violation of the administration isn't it in the record that there's that the seller of the property to mr johnson uh asserted that they exercise control over those corrals and that those were corrals that were their corrals isn't that in the record I don't know of a record site for that I don't dispute that mr johnson believed that at the time of the transaction between him and the seller but the government's view never has never changed the corrals are range improvements uh they are their government's view did change originally you were going to convey 4.17 acres and even indicated to the congressman at the time that that conveyance was going to go through so somewhere along the line you changed your mind yes your honor I I don't dispute that I mean whether we call it changing your mind or whether over a multi-year process sounds like multi-multi-decade perhaps the government's view and the forest service view of how this land needed to be treated is fluid developed depending on what they learn about the land and studies have to be conducted and but why doesn't that uncertainty just give you enough discretion here to end end this case I mean this is just you know I my big fear is that if we remand this I mean we want to get the law right but if we remand this I'm not sure we're getting anybody further along in the process of actually resolving this case and I'm wondering if the forest service can't I know you can't do what you don't have discretion to do but I just it seems like it's hard to imagine you couldn't make this happen in some way well your honor the one other thing that is I think bears on why the forest service makes the decisions that it does is that it is mandated to the law states that it that these conveyances of land of federal land need to be as small as I totally get that I just wonder if you could go back I would encourage you to advise your client to go back and take a look at whether this could be resolved I understand you can't set a precedent that you can't adhere to in the future but boy there's just seems like enough uncertainty here that I'm just not sure that you should be so bought in that we don't have authority if we were in the third circuit we we would suggest that you may want to consider sending this to our third circuit mediator I was just going to ask we do have mediation service have has this case been mediated has there been some attempt to mediate I think there was talk of mediation uh but we did not participate in a mediation you have a concept of a plan concept of a plan okay so but there's no been no mediation that is correct your honor I would suggest that you go to the ninth circuit meetings better than ours the unbiased mediators are pretty good uh and and it might inform the forest forest service position and mediation uh it may be helpful to know that uh I would sure like to end this case right now by holding against the whole forest service if we have to get to the merits that would be helpful to you in mediation to know that perhaps okay but I think I think our mediators mediators may be able to help here if no other questions your honor I will uh I will that wasn't a resounding yes well I I'm happy to happy to talk and uh you know opposing counsel and I have had a dialogue from the beginning of this case so happy to discuss any of those possibilities yeah thank you your honors thank you um thank you I think I addressed just that last point on the mediation I do know that it was discussed and there was conversation surrounding it um and some discussions on what could possibly be done to try to resolve this um and ultimately we're able to get much further along um yeah I don't want to intrude in this too much did you did you ever talk to one of our mediators yes as I'm recalling that we had some conversations either via email and separately on phone yeah and I don't want to inquire further because it's our policy for us as the judges to stay away from the mediators they don't tell us what happens in mediation correct except except when they get to an answer yeah um I'd also kind of want to just address briefly the Mullahan v. Gray case on the Taylor Grazing Act um I think those are old cases and they have obviously been kind of um narrowed a little bit um specifically this court in Portland General Electric Company v. Bonneville Power Administration um talked about how that there is um in terms of agency action committed discretion by law precludes review but that this is now it's a narrow exception and you have to show that there's absolutely no law to apply um in the circumstances um I too I recall Strickland but I can't recall the exact specifics so that's why I referenced this other case um as well as this too and um I think Apelli made a mention of there have a complete discretion to determine whether um an improvement is an encroachment or not um I think they have the discretion to approve a land sale but and part of that determination is determining if there's an encroachment that could qualify under the land sale but it doesn't mean that that can't be reviewed and determined whether they gave a rational basis for the decision and whether it's actually supported by the evidence in the record as to why they are determining that it's not an encroachment which in briefing and in below we argued was the fact that we don't believe they had enough to show that or to show that these weren't in fact encroachments that were claimed as owned by the private landowner under claim of title or color of title previous landowner and the current landowner Mr. Johnson so based on that I would just ask this court to decide in favor of the appellant and finding that the decision of the Forest Service was arbitrary and capricious was not supported by the facts in the record and should be I want to be careful it should be either set aside or it should be remanded back to the court to consider these issues thank you thank you thank you to both counsel for your arguments today the case is submitted and that concludes our arguments for today's session
judges: FLETCHER, Fisher, NELSON